(96 Misc. Rep. 122)

## In re FROST'S ESTATE.

(Surrogate's Court, New York County. June 13, 1916.)

**1. WILLS ☞686(2)—CONSTRUCTION—DURATION OF TRUST.**

Testator's will gave his residuary estate to his executors in trust, and provided that the executors and trustees, whenever it should be necessary to divide the estate under the will, or whenever in their judgment the interest of the beneficiary of his residuary estate would best be promoted thereby, should sell testator's productive improved real estate and invest the proceeds in securities. The net income from the residuary estate was to be paid over by his executors and trustees to his two daughters, and upon the decease of either one-half the residuary estate was to descend to her issue, and the executors and trustees were empowered to sell any of his realty. *Held*, that testator intended that his residuary estate should be held in trust until a division was made necessary by the death of one of his daughters, and that when such event occurred the trustees were to divide the trust estate into two portions and pay over one to the issue of the daughter who died, retaining the other in trust until the death of the surviving daughter.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1632; Dec. Dig. ☞686(2).]

**2. TRUSTS ☞191(3)—DUTY OF TRUSTEES TO SELL—EXCUSE.**

That a sale of decedent's realty could not be made advantageously in the present condition of the real estate market is not a sufficient excuse for the failure of trustees to sell it and divide the proceeds in accordance with the terms of the will.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 243; Dec. Dig. ☞191(3).]

In the matter of the estate of Samuel Frost. On petition for decree directing the executors and trustees to pay to the issue of decedent's daughter the proceeds from sales of realty made by them, etc. Application granted to the extent indicated in the opinion, and in all other respects denied.

Henry Wynans Jessup, of New York City, for petitioner.

Butler, Wyckoff & Campbell, of New York City (J. Edwards Wyckoff and Paul C. Whipp, both of New York City, of counsel), for Emma F. Wyckoff and Ella Heath.

John H. Whiting, of New York City, for Sara W. Hart and Coleridge A. Hart as administrator.

James E. Hopkins, of New York City, for Emma F. Bussing.

Coudert Bros., of New York City (Frederic R. Coudert and Howard Thayer Kingsbury, both of New York City, of counsel), for trustee.

FOWLER, S. [1] The testator died in 1888 leaving a will by which he gave all his residuary estate to his executors in trust "to hold and manage and divide and pay over the same, with the income arising therefrom," in the manner therein indicated. The will further provided that:

"It shall further be the duty of my executors and trustees, and they are hereby authorized and empowered, whenever it shall be necessary for the purpose of a division of my estate under the terms of this my will, or whenever in their judgment the interest of the beneficiaries of my residuary estate

will best be promoted thereby, to sell and dispose of any of my productive and improved real estate and invest the proceeds in securities of the kind hereinbefore mentioned."

He directed that the net income from the residuary estate, after the payment of certain small legacies, be paid over by his executors and trustees to his two daughters, share and share alike. Upon the decease of either of his daughters he gave, devised, and bequeathed one-half of the residuary estate unto her issue. For the purpose of carrying out this provision of his will he authorized and empowered his executors and trustees to sell and dispose of any of his real estate. The testator was survived by his two daughters, Mary F. Heath and Emma Bussing. Mary F. Heath died on the 17th of February, 1914, leaving three children, Maud Ogden Heath Jessup, the petitioner herein, Emma F. Wyckoff, and Ella Heath. Emma Bussing, the testator's other daughter, is still living. The petitioner alleges that the assessed valuation of the improved real estate held by the trustees in trust for the purposes above indicated was at the date of death of Mary F. Heath $350,000, and that certain parcels were subject to mortgages aggregating $29,000. Some of the real property has been sold by the trustees.

The petitioner asks for a decree directing the executors and trustees to pay over to the issue of Mary F. Heath the proceeds from the sales of real property made by them, and that they account as such executors and trustees, particularizing and valuing the various parcels of real property constituting the two trusts, and set forth the amounts for which sales of real property have been made, and that they segregate the several parcels of real property constituting the two trust funds and divide and convey the same.

It is evident from the provisions of the will that the testator intended that his residuary estate should be held in trust by his trustees until a division was made necessary by the death of one of his daughters, and that when this event occurred the trustees were to divide the trust estate into two portions, and pay over one of those portions to the issue of the daughter who died, retaining the other one-half in trust until the death of the surviving daughter. It was therefore the duty of the trustees to sell the real estate constituting the trust fund as soon after the death of Mary F. Heath as possible, to make a division of the proceeds in the manner indicated by the will, and to pay one-half of such net proceeds to the issue of Mary F. Heath. Until such sale is made, however, the trustees are by the terms of the will to take charge of the real estate and pay taxes, assessments, and interest, and to make repairs. They are expressly directed by the terms of the will to divide the real estate upon the death of either of the testator's daughters, and they are empowered to sell it for the purpose of such division, but they are not authorized, nor can they be compelled, to apportion it between the remaindermen and the surviving life tenant, or to segregate the various parcels and convey them to the issue of Mary F. Heath.

[2] That the sale of the real estate could not be made advantageously in the present condition of the real estate market is not a sufficient excuse for the failure of the trustees to sell it and divide

the proceeds in accordance with the terms of the will. The account filed by the trustees should therefore be continued to the date of the petition herein, and should be completed and filed within 60 days from the date of this decision. The petitioner is entitled to her share of the residuary estate, and the trustee, after deducting the value of the annuity for Emma Rawle, should divide the residuary estate into two equal parts and pay over one of those parts to the issue of Mary F. Heath, retaining the other one-half in trust for the benefit of Emma Bussing during her life.

The application is granted to the extent indicated herein; in all other respects denied.